Matthew Franklin Jaksa (SBN 248072)
Dawniell Alise Zavala (SBN 253130)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:   (415) 268-2000
Facsimile:    (415) 268-1999
Email:          dawniell.zavala@hro.com

Attorneys for Plaintiffs,
WARNER BROS. RECORDS INC.; UMG RECORDINGS, INC.; SONY BMG MUSIC ENTERTAINMENT; and ZOMBA RECORDING LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and ZOMBA RECORDING LLC, a Delaware limited liability company,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>JOHN DOE,<br>　　　　　　　　　Defendant. | CASE NO. 3:08 CV 01040 WHA<br><br>**Honorable William H. Alsup**<br><br>*EX PARTE* **APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER** |

1  Plaintiffs respectfully request that the Court continue the case management conference
2  currently set for June 19, at 11:00 a.m. to September 18, 2008.  Plaintiffs further request, pursuant to
3  the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional
4  60 days to serve Defendant with the Summons and Complaint.  As further explained below,
5  Plaintiffs have not yet discovered the identity of the Doe defendant in this case, and cannot move
6  this case forward until they do so.  In support of their request, Plaintiffs state as follows:

7  1. The case management conference is currently scheduled for June 19, 2008 at 11:00
8  a.m.  The current deadline for service of process is June 20, 2008.  The Court previously issued an
9  order on May 22, 2008 continuing the initial case management conference from May 29, 2008 to
10 June 19, 2008.

11 2. Plaintiffs filed their Complaint for Copyright Infringement against Defendant John
12 Doe ("Defendant") on February 21, 2008.  Plaintiffs did not have sufficient identifying information
13 to name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol
14 address assigned by Defendant's Internet Service Provider ("ISP").  Accordingly, in order to
15 determine Defendant's true name and identity, Plaintiffs filed their *Ex Parte* Application for Leave
16 to Take Immediate Discovery on February 21, 2008, requesting that the Court enter an Order
17 allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

18 3. The Court entered an Order for Leave to take Immediate Discovery on May 21, 2008,
19 which was served upon the ISP along with a Rule 45 subpoena.  Plaintiffs expect the ISP to respond
20 to the subpoena on June 30, 2008.

21 4. Once Plaintiffs receive the Doe Defendant's identifying information, Plaintiffs intend
22 to send a letter to Defendant notifying him or her of Plaintiffs' claims and inviting Defendant to
23 contact Plaintiffs and attempt resolution of the dispute.  If the dispute cannot be resolved, Plaintiffs
24 intend to file a First Amended Complaint naming Defendant personally, and then proceed to serve
25 process upon him or her.

26 5. Given the foregoing circumstances, and because Plaintiffs will not learn Defendant's
27 identity until after the date of the currently scheduled case management conference, Plaintiffs
28 respectfully request that the case management conference be continued to September 18, 2008, or

1

Ex Parte Application to Continue CMC and Extend Time to Serve Defendant and [Proposed] Order
Case No.  3:08 CV 01040 WHA
#38149 v1

such other date as conveniences the Court.  Plaintiffs anticipate that a continuance of at least 90 days will be necessary to complete the early discovery process aimed at determining John Doe's true identity, attempt resolution of the dispute, and – if necessary – amend the complaint to name the defendant individually, serve process on him or her, and for Defendant to file an answer prior to the case management conference.

6. Given that the current deadline for service of process expires ten days before Plaintiffs expect to learn Defendant's identity, Plaintiffs also request an additional 60 days to effectuate service.

7. Plaintiffs submit that their plans to notify Defendant of their claims (once he or she is identified) and attempt to resolve the case before naming him or her in the lawsuit constitute good cause under Rule 4(m) for any delay in perfecting service.  *See, e.g., Matasareanu v. Williams*, 183 F.R.D. 242, 245-46 (C.D. Cal. 1998) (stating good cause standard for service extensions); *Ritts v. Dealers Alliance Credit Corp.,* 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (same).  Moreover, unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing the complaint, in this case Plaintiffs first must obtain the identity of the defendant through the subpoena to the ISP, a process which is not yet complete and which Plaintiffs were unable to begin until the Court entered its Order for Leave to Take Immediate Discovery on May 21, 2008.  This Court has discretion to enlarge the time to serve even where there is no good cause shown.  *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996).

8. Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired.  *See* 17 U.S.C. § 507(b) (2000).  There can thus be no prejudice to Defendant from any delay in serving the Complaint.

Dated: June 9, 2008                                          HOLME ROBERTS & OWEN LLP


By: _____*/s/ Dawniell Alise Zavala*___
       DAWNIELL ALISE ZAVALA
       Attorney for Plaintiffs

2

**[PROPOSED] ORDER**

Good cause having been shown:

**IT IS ORDERED** that the case management conference currently set for June 19, at 11:00 a.m. be continued to September 18, 2008.

**IT IS FURTHER ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), Plaintiffs' time to serve the Summons and Complaint on Defendant be extended to August 19, 2008.

Dated: _____   By: _____
                                                                                                 Honorable William H. Alsup
                                                                                                  United States District Judge