Dawniell Alise Zavala (CA State Bar No. 253130)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
Email: dawniell.zavala@hro.com

Attorneys for Plaintiffs,
WARNER BROS. RECORDS INC.; UMG RECORDINGS, INC.; SONY BMG MUSIC ENTERTAINMENT; and ZOMBA RECORDING LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and ZOMBA RECORDING LLC, a Delaware limited liability company,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>JOHN DOE,<br>　　　　　　　Defendant. | CASE NO. 3:08-CV-01040-WHA<br><br>**Honorable William H. Alsup**<br><br>**CASE MANAGEMENT STATEMENT**<br><br>Date of Initial CMC:　June 19, 2008<br>Time:　　　　　　　11:00 a.m.<br>Courtroom:　　　　　9<br>Action Filed:　　　　February 21, 2008 |

CASE MANAGEMENT STATEMENT
Case No. 3:08-cv-01040-WHA
#38193 v1

Pursuant to Local Rule 16-9(a), Plaintiffs WARNER BROS. RECORDS INC., *et al.* ("Plaintiffs") submit this separate Case Management Statement. Plaintiffs submit a separate statement instead of a joint statement because this action is currently pending against a John Doe Defendant. No Defendant has been served with process or appeared in this action, and Plaintiffs do not anticipate learning the identity of the Defendant until June 30, 2008. Accordingly there has been no named Defendant in this action with whom to confer. Declaration of Dawniell Alise Zavala, ¶6.

**1.    Jurisdiction and Service**

The Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright). Venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400. Unlike a traditional case, where service attempts can begin immediately after filing of the Complaint, in this case Plaintiffs first must discover the true identity of the Defendant. Plaintiffs anticipate that they will discover the Defendant's true identity on June 30, 2008. Once Plaintiffs discover Defendant's identity, Plaintiffs wish to provide Defendant a reasonable opportunity to settle this matter before filing a First Amended Complaint naming Defendant individually in the lawsuit. If it becomes necessary to do so, Plaintiffs anticipate that they will file their First Amended Complaint by July 16, 2008 and begin attempts to serve process at that time. Plaintiffs propose a deadline for service of process of August 19, 2008.

**2.    Facts**

This is a copyright action wherein Plaintiffs seek redress for infringement of copyrighted sound recordings pursuant to the Copyright Act of 1976, 17 U.S.C. § 101, *et seq* ("Copyright Act"). Plaintiffs are recording companies that own or control exclusive rights to copyrights in sound recordings, including the rights at issue in this case: (1) Plaintiffs' exclusive right to reproduce their copyrighted sound recordings, and (2) Plaintiffs' exclusive right to distribute the copyrighted sound recordings.

On November 6, 2007, Plaintiffs obtained evidence of infringement by the holder of the Internet Protocol ("IP") address 169.233.30.10 2007-11-06 18:38:56 EST, who was using the LimeWire online media distribution system over a peer-to-peer file-sharing network to distribute 428 audio files, many of which were Plaintiffs' copyrighted sound recordings. Plaintiffs then filed their

1  Complaint for Copyright Infringement against Defendant John Doe on February 21, 2008. Although
2  Plaintiffs did not know the Defendant's true identity, they were able to identify Defendant by the
3  aforementioned IP address, which had been assigned by a third-party Internet Service Provider
4  ("ISP") (here, University of California, Santa Cruz) on the date and at the time of the alleged
5  infringement. In order to determine Defendant's true identity, Plaintiffs filed their *Ex Parte*
6  Application for Leave to Take Immediate Discovery on February 21, 2008, seeking the Court's
7  permission to serve a Rule 45 subpoena on the ISP to obtain identifying information including
8  Defendant's true name, address, telephone number, e-mail address, and Media Access Control
9  ("MAC") address (a number that identifies the piece of computer hardware used to connect to the
10 ISP's network).
11        The Court entered an Order for Leave to Take Immediate Discovery on May 21, 2008,
12 granting Plaintiffs' request to serve a Rule 45 subpoena on the ISP. Plaintiffs served their subpoena
13 on University of California, Santa Cruz on May 30, 2008. Plaintiffs expect the ISP to respond to the
14 subpoena on June 30, 2008 and provide Plaintiffs with the Defendant's identifying information.

**3.    Legal Issues**

16        Plaintiffs believe that Defendant used an Internet account to access an online media
17 distribution system to download Plaintiffs' copyrighted sound recordings and to distribute the
18 copyrighted sound recordings to other users in violation of Plaintiffs' exclusive rights of
19 reproduction and distribution as enumerated in Section 106 of the Copyright Act, 17 U.S.C. § 106.
20 As such, Plaintiffs believe Defendant is liable for infringement of Plaintiffs' copyrights pursuant to
21 17 U.S.C. § 501(a)-(b), and that Plaintiffs are thus entitled to statutory damages pursuant to 17
22 U.S.C. § 504(c), injunctive relief pursuant to 17 U.S.C. §§ 502 and 503, and attorney's fees and
23 costs pursuant to 17 U.S.C. § 505.

**4.    Motions**

25        Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on
26 February 21, 2008, which the Court granted by its Order of May 21, 2008. Plaintiffs anticipate no
27 further motion practice at this point in time, but reserve the right to file additional motions if
28 warranted as the case develops, including motions for summary judgment and/or summary

2

CASE MANAGEMENT STATEMENT
Case No. 3:08-cv-01040-WHA
#38193 v1

adjudication.

**5.     Amendment of Pleadings**

If Plaintiffs are unable to resolve this dispute with the Defendant, Plaintiffs plan to file a First Amended Complaint naming Defendant individually. Plaintiff anticipate that they will file their First Amended Complaint on or before July 16, 2008. Once the First Amended Complaint is filed, Plaintiffs do not foresee adding additional defendants, but reserve the right to do so should discovery reveal that additional persons participated in the copyright infringement alleged in the Complaint. Plaintiffs do not anticipate adding any claims, but reserve their right to do so should discovery reveal additional claims that may be brought. Plaintiffs propose that a deadline for amendment of the pleadings be determined at such time as the parties are able to meet and confer after Defendant is served with process and files an answer or other response to the Complaint.

**6.     Evidence Preservation**

Plaintiffs are taking all necessary steps to preserve evidence related to the issues in this action, including preservation of e-mails, documents, digital audio files, and electronically stored information. After Defendant is identified, Plaintiffs will communicate to Defendant the need to preserve evidence, including particularly electronically-stored information on Defendant's computers.

**7.     Disclosures**

No changes need be made to the form or requirement for disclosures under Rule 26(a). Since no defendant has appeared in this action, no initial disclosures have been made by either party.

**8.     Discovery**

Plaintiffs' position is that discovery should be conducted according to the Federal Rules of Civil Procedure and the local rules for the United States District Court for the Northern District of California unless otherwise modified by stipulation or ordered by the Court. It is Plaintiffs' position that all fact and expert discovery should be conducted and take place pursuant to the Federal Rules of Civil Procedure and should not be limited or conducted in phases, except as provided by the Federal Rules of Civil Procedure. Discovery will be needed on the allegations set forth in the Complaint and on any allegations and affirmative defenses set forth in Defendant's Answer (should

Defendant file an Answer once service of process occurs).

**A.     Previous Discovery**

Pursuant to the Court's May 21, 2008 Order for Leave to Take Expedited Discovery, Plaintiffs served a Rule 45 subpoena on third-party University of California, Santa Cruz in order to obtain information including Defendant's name, address, telephone number, e-mail address, and MAC address. Plaintiffs anticipate receipt of the subpoena response on June 30, 2008.

**B.     Written Discovery**

Once Defendant is identified, served with process, and appears in this action, and the parties are able to conduct a Rule 26(f) conference, Plaintiffs intend to propound their first sets of Interrogatories, Requests for Production of Documents, and Requests for Admission.

**C.     Imaging and Inspection of Defendant's Computer(s).**

Upon receipt of Defendant's responses, Plaintiffs intend to request for production and imaging each computer identified by Defendant in his or her responses to Plaintiffs' discovery requests. Plaintiffs propose that an expert in computer forensics selected by the parties shall make one (1) verified bit-image (i.e., mirror image copies) of each computer hard drive and shall create an MD5 or equivalent hash code to ensure that Defendant's original hard drive is not altered and to ensure that the copy of each of the hard drives is an exact duplicate of Defendant's original hard drive. All costs associated with making an image of Defendant's hard drive will be borne by Plaintiffs. An image of the hard drive can be made for Defendant at Defendant's expense.

**D.     Oral Depositions**

Plaintiffs intend to take Defendant's oral deposition (and, if applicable, other individuals who may have information relevant to the parties' claims and defenses) upon receipt of Defendant's responses to Plaintiffs' written discovery, and upon completion of the imaging and inspection of Defendant's hard drive(s).

**9.     Class Actions**

Not applicable.

**10.    Related Cases**

There are no related cases or proceedings pending before another judge of this Court, or

4

1  before another court or administrative body.

2  **11. Relief**

3  Plaintiffs seek statutory damages pursuant to 17 U.S.C. § 504(c) ranging from $750.00 to
4  $30,000.00 for each instance of infringement, statutory damages pursuant to 17 U.S.C. § 504(c)
5  ranging from $750.00 to $150,000.00 for each instance of willful infringement, injunctive relief
6  prohibiting Defendant from further infringing Plaintiffs' copyrights pursuant to 17 U.S.C. § 502 and
7  ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiffs' rights
8  pursuant to 17 U.S.C. § 503, and attorney's fees and costs pursuant to 17 U.S.C. § 505.

9  **12. Settlement and ADR**

10  The parties have not yet engaged in settlement negotiations because Defendant's identity has
11  heretofore been unknown to Plaintiffs.  For this reason, the parties have not yet filed a Stipulation
12  and Proposed Order Selecting an ADR process.  However, Plaintiffs are hopeful that a settlement of
13  this matter may be reached without the need for further litigation upon identification of the
14  Defendant.  Unlike a traditional case in which the identity of the Defendant is known and settlement
15  discussions can occur prior to filing the Complaint, here Plaintiffs first needed to discover the
16  identity of the Defendant through a subpoena to the Defendant's ISP.  Accordingly, Plaintiffs believe
17  there is a significant possibility that this matter will settle without the need for further litigation.

18  **13. Consent to Magistrate Judge for All Purposes**

19  At this time, Plaintiffs do not consent to a magistrate judge for all further proceedings
20  including trial and entry of judgment.

21  **14. Other References**

22  It is Plaintiffs' position that this case is not suitable for reference to binding arbitration, a
23  special master, or the Judicial Panel on Multidistrict Litigation.

24  **15. Narrowing of Issues**

25  Plaintiffs believe the following issues can be narrowed by agreement or motion:  Issues
26  regarding ownership of Plaintiffs' sound recordings and validity of copyright registration.
27  Plaintiffs make the following suggestions to expedite the presentation of evidence at trial:
28  Plaintiffs are hopeful that issues regarding ownership of Plaintiffs' sound recordings and validity of

5

copyright registration can be presented by stipulated facts.

Plaintiffs do not request the bifurcation of any issues, claims, or defenses.

**16.    Expedited Schedule**

Plaintiffs do not believe this case should be handled on an expedited basis or using streamlined procedures.

**17.    Scheduling**

Plaintiffs propose the following schedule of deadlines:

1. Plaintiffs propose a deadline of July 16, 2008 for filing their First Amended Complaint. As stated above, Plaintiffs believe that this case may settle without the need for further litigation and wish to give Defendant a reasonable opportunity to settle this matter before naming him or her in the lawsuit and increasing the litigation costs for both parties. Plaintiffs intend to send Defendant written notice of their claims within three days of learning his or her identity and contact information.

2. If a settlement cannot be reached and a First Amended Complaint is filed, Plaintiffs propose a deadline of August 19, 2008 to complete service of process.

3. Plaintiffs propose that a further case management conference be set for September 18, 2008 to allow time for service of process and for Defendant to file an Answer prior to the conference.

4. Plaintiffs propose that further proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference, and trial be determined at such time as the parties are able to meet and confer after Defendant is served with process and files an answer or other response to the Complaint.

**18.    Trial**

Plaintiffs estimate that a trial in this matter would take three days.

**19.    Disclosure of Non-party Interested Entities or Persons**

Plaintiffs filed their Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16 on February 21, 2008. The contents of the certification identified the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or

1  other entities known to (i) have a financial interest in the subject matter in controversy or in a party
2  to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could
3  be substantially affected by the outcome of this proceeding:
4      The following companies are parents of, or partners in Plaintiff WARNER BROS.
5  RECORDS INC.: WMG Acquisition Corp.; WMG Holdings Corp.; and Warner Music Group
6  Corp., of which only Warner Music Group Corp. is publicly traded. Warner Music Group Corp. is
7  publicly traded in the U.S.
8      The following companies are parents of, or partners in Plaintiff UMG RECORDINGS, INC.:
9  Polygram Holding, Inc.; Universal Music Group, Inc.; Vivendi Holding I Corp.; Vivendi Holdings
10 Company; Vivendi Holding S.A.S.; SPC S.A.S.; and Vivendi S.A., of which only Vivendi S.A. is
11 publicly traded. Vivendi S.A. is publicly traded in France.
12     The following companies are parents of, or partners in Plaintiff SONY BMG MUSIC
13 ENTERTAINMENT: USCO Holdings Inc.; BeSo Holding LLC; Sony Music Entertainment Inc.;
14 Bertelsmann Music Group; Bertelsmann, Inc.; Arista Holding, Inc.; Zomba US Holdings, Inc.;
15 Bertelsmann AG; and Sony Corporation, of which only Sony Corporation is publicly traded. Sony
16 Corporation is publicly traded in the U.S.
17     The following companies are parents of, or partners in Plaintiff ZOMBA RECORDING
18 LLC: SONY BMG MUSIC ENTERTAINMENT; Bertelsmann AG; and Sony Corporation, of
19 which only Sony Corporation is publicly traded. Sony Corporation is publicly traded in the U.S.
20
21 Dated: June 12, 2008                        HOLME ROBERTS & OWEN LLP
22
23
24                                        By: /s/ *Dawniell Alise Zavala*
25                                             DAWNIELL ALISE ZAVALA
                                            Attorney for Plaintiffs
26
27
28

CASE MANAGEMENT STATEMENT
Case No. 3:08-cv-01040-WHA
#38193 v1