1   Dawniell Alise Zavala (CA State Bar No. 253130)
    HOLME ROBERTS & OWEN LLP
2   560 Mission Street, 25th Floor
    San Francisco, CA 94105-2994
3   Telephone: (415) 268-2000
    Facsimile: (415) 268-1999
4   Email:     dawniell.zavala@hro.com
5
6   Attorneys for Plaintiffs,
    WARNER BROS. RECORDS INC.; UMG
7   RECORDINGS, INC.; SONY BMG MUSIC
    ENTERTAINMENT; and ZOMBA RECORDING
8   LLC
9

10                  UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
11                     SAN FRANCISCO DIVISION
12

13   WARNER BROS. RECORDS INC., a Delaware        CASE NO. 3:08-CV-01040-WHA
     corporation; UMG RECORDINGS, INC., a
14   Delaware corporation; SONY BMG MUSIC
     ENTERTAINMENT, a Delaware general
15   partnership; and ZOMBA RECORDING LLC, a      FIRST AMENDED COMPLAINT FOR
     Delaware limited liability company,          COPYRIGHT INFRINGEMENT
16
17           Plaintiffs,
18       v.
19
20   ELENA BOWEN,
21               Defendant.
22
23
24
25
26
27
28

FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. 3:08-cv-01040-WHA
#38576 v1

**JURISDICTION AND VENUE**

1.     This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §101 *et seq.*).

2.     This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright).

3.     This Court has personal jurisdiction over the Defendant, Elena Bowen, and venue in this District is proper under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400, because, on information and belief, a substantial part of the acts of infringement complained of herein occurred in this District.

**PARTIES**

4.     Plaintiff Warner Bros. Records Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

5.     Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

6.     Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general partnership, with its principal place of business in the State of New York.

7.     Plaintiff ZOMBA RECORDING LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

8.     Plaintiffs are informed and believe that Defendant is an individual who resided within this District at the time of the infringement complained of herein.

**COUNT I**

**INFRINGEMENT OF COPYRIGHTS**

9.     Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

10.     Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright law with respect to certain copyrighted sound recordings, including but not limited to, all of the copyrighted sound recordings on Exhibit A to this

1

1  Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted

2  Recordings"). Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright

3  Registration issued by the Register of Copyrights, for which the Plaintiffs are the owners as specified

4  on Exhibit A.

5       11.    Among the exclusive rights granted to each Plaintiff under the Copyright Act are the

6  exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings

7  to the public.

8       12.    Much of the unlawful distribution of copyrighted sound recordings over the Internet

9  occurs via "peer-to-peer" ("P2P") file copying networks or so-called online media distribution

10  systems. P2P networks, at least in their most popular form, refer to computer systems or processes that

11  enable Internet users to search for files (including audio recordings) stored on other users' computers

12  and transfer exact copies of files from one computer to another via the Internet, which can include both

13  downloading an exact copy of that file onto the user's own computer and distributing an exact copy of

14  that file to other Internet users on the same P2P network. P2P networks enable users who otherwise

15  would have no connection with, or knowledge of, each other to provide a sophisticated search

16  mechanism by which users can locate these files for downloading and to reproduce and distribute files

17  off of their personal computers.

18       13.    Users of P2P networks who distribute files over a network can be identified by using

19  Internet Protocol ("IP") addresses because the unique IP address of the computer offering the files for

20  distribution can be captured by another user during a search or a file transfer. Users of P2P networks

21  can be identified by their IP addresses because each computer or network device (such as a router) that

22  connects to a P2P network must have a unique IP address within the Internet to deliver files from one

23  computer or network device to another. Two computers cannot effectively function if they are

24  connected to the Internet with the same IP address at the same time.

25       14.    Plaintiffs identified an individual using LimeWire on the P2P network Gnutella at IP

26  address 169.233.30.10 on November 6, 2007 at 18:38:56 EST distributing 428 audio files over the

27  Internet. The Defendant was identified as the individual responsible for that IP address at that date and

28  time. Plaintiffs are informed and believe that as of November 6, 2007, Defendant, without the

2

1  permission or consent of Plaintiffs, had continuously used, and continued to use, a P2P network to

2  download and/or distribute to the public the Copyrighted Recordings. Exhibit A identifies the date and

3  time of capture and a list of Copyrighted Recordings that Defendant has, without the permission or

4  consent of Plaintiffs, downloaded and/or distributed to the public. Through Defendant's continuous

5  and ongoing acts of downloading and/or distributing to the public the Copyrighted Recordings, which

6  acts Plaintiffs believe to have been ongoing for some time, Defendant has violated Plaintiffs' exclusive

7  rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiffs'

8  copyrights and exclusive rights under copyright.

9       15.    In addition to the sound recordings listed on Exhibit A, Plaintiffs are informed and

10  believe that Defendant has, without the permission or consent of Plaintiffs, continuously downloaded

11  and/or distributed to the public additional sound recordings owned by or exclusively licensed to

12  Plaintiffs or Plaintiffs' affiliate record labels, and Plaintiffs believe that such acts of infringement are

13  ongoing.

14       16.    Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on each

15  respective album cover of each of the sound recordings identified in Exhibit A. These notices of

16  copyright appeared on published copies of each of the sound recordings identified in Exhibit A. These

17  published copies were widely available, and each of the published copies of the sound recordings

18  identified in Exhibit A was accessible by Defendant.

19       17.    Plaintiffs are informed and believe that the foregoing acts of infringement have been

20  willful and intentional, in disregard of and indifference to the rights of Plaintiffs.

21       18.    As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights

22  under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for

23  Defendant's infringement of each of the Copyrighted Recordings. Plaintiffs further are entitled to their

24  attorneys' fees and costs pursuant to 17 U.S.C. § 505.

25       19.    The conduct of Defendant is causing and, unless enjoined and restrained by this Court,

26  will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or

27  measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and

28  503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing Plaintiffs'

3

copyrights, and ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiffs' exclusive rights.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1.    For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

2.    For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

3.    For Plaintiffs' costs in this action.

4.    For Plaintiffs' reasonable attorneys' fees incurred herein.

5.    For such other and further relief as the Court may deem just and proper.

Dated:    July 2, 2008                    HOLME ROBERTS & OWEN LLP


By: _____
    DAWNIELL ZAVALA
    Attorney for Plaintiffs
    WARNER BROS. RECORDS INC.; UMG
    RECORDINGS, INC.; SONY BMG MUSIC
    ENTERTAINMENT; and ZOMBA
    RECORDING LLC

4

# EXHIBIT A

## ELENA BOWEN

**IP Address:** 169.233.30.10 2007-11-06 18:38:56 EST          **CASE ID#** 147131199

**P2P Network:** Gnutella          **Total Audio Files:** 428

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| UMG Recordings, Inc. | Gwen Stefani | Bubble Pop Electric | Love.Angel.Music.Baby. | 364-759 |
| Warner Bros. Records Inc. | Madonna | Material Girl | Like a Virgin | 59-442 |
| SONY BMG MUSIC ENTERTAINMENT | Incubus | Talk Shows on Mute | A Crow Left of the Murder | 361-477 |
| Warner Bros. Records Inc. | Goo Goo Dolls | Iris | Dizzy Up the Girl | 246-538 |
| UMG Recordings, Inc. | Aerosmith | Crazy | Get A Grip | 153-061 |
| UMG Recordings, Inc. | Weezer | Holiday | Weezer (Blue Album) | 187-644 |
| UMG Recordings, Inc. | Beastie Boys | Girls | Licensed To Ill | 79-470 |
| Zomba Recording LLC | Cake | Daria | Fashion Nugget | 309-566 |