1   Dawniell Alise Zavala (CA State Bar No. 253130)
    HOLME ROBERTS & OWEN LLP
2   560 Mission Street, 25th Floor
    San Francisco, CA 94105-2994
3   Telephone: (415) 268-2000
    Facsimile: (415) 268-1999
4   Email:      dawniell.zavala@hro.com
5
6   Attorneys for Plaintiffs,
    WARNER BROS. RECORDS INC.; UMG
7   RECORDINGS, INC.; SONY BMG MUSIC
    ENTERTAINMENT; and ZOMBA RECORDING
8   LLC
9
10              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
11               SAN FRANCISCO DIVISION
12

| 13 | WARNER BROS. RECORDS INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and ZOMBA RECORDING LLC, a Delaware limited liability company, | CASE NO. 3:08-CV-01040-WHA |
|---|---|---|

13  WARNER BROS. RECORDS INC., a Delaware
    corporation; UMG RECORDINGS, INC., a        CASE NO. 3:08-CV-01040-WHA
14  Delaware corporation; SONY BMG MUSIC
    ENTERTAINMENT, a Delaware general            Honorable William H. Alsup
15  partnership; and ZOMBA RECORDING LLC, a
    Delaware limited liability company,          CASE MANAGEMENT STATEMENT
16
                                                 Date of Initial CMC:  August 21, 2008
17             Plaintiffs,                        Time:                 11:00 a.m.
                                                 Courtroom:            9
18       v.                                      Action Filed:         February 21, 2008
19
20  ELENA BOWEN,
21             Defendant.
22
23
24
25
26
27
28

Pursuant to Local Rule 16-9(a), Plaintiffs WARNER BROS. RECORDS INC, *et al.* ("Plaintiffs") submit this separate Case Management Statement. Plaintiffs submit a separate statement instead of a joint statement because, although Defendant was recently served with process, she has not yet appeared in this action, nor has she responded to Plaintiffs efforts to meet and confer in anticipation of the upcoming case management conference. Accordingly, Plaintiffs find it necessary to file a separate Case Management Statement at this time. Declaration of Dawniell Alise Zavala, ¶¶ 6-7.

**1.    Jurisdiction and Service**

The Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright). Venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400. Defendant was served with process on June 19, 2008. No parties remain to be served.

**2.    Facts**

This is a copyright action wherein Plaintiffs seek redress for infringement of copyrighted sound recordings pursuant to the Copyright Act of 1976, 17 U.S.C. § 101, *et seq* ("Copyright Act"). Plaintiffs are recording companies that own or control exclusive rights to copyrights in sound recordings, including the rights at issue in this case: (1) Plaintiffs' exclusive right to reproduce their copyrighted sound recordings, and (2) Plaintiffs' exclusive right to distribute the copyrighted sound recordings.

**A.    Plaintiffs' Contentions**

On November 6, 2007, Plaintiffs obtained evidence of infringement by the holder of the Internet Protocol ("IP") address 169.233.30.10 2007-11-06 18:38:56 EST, who was using the LimeWire online media distribution system over a peer-to-peer file-sharing network to distribute 428 audio files, many of which were Plaintiffs' copyrighted sound recordings. Plaintiffs then filed their Complaint for Copyright Infringement against Defendant John Doe on February 21, 2008. Although Plaintiffs did not know the Defendant's true identity, they were able to identify Defendant by the aforementioned IP address, which had been assigned by a third-party Internet Service Provider ("ISP") (here, the University of California, Santa Cruz) on the date and at the time of the alleged

1

1   infringement. In order to determine Defendant's true identity, Plaintiffs filed their *Ex Parte*
2   Application for Leave to Take Immediate Discovery on February 21, 2008, seeking the Court's
3   permission to serve a Rule 45 subpoena on the ISP to obtain identifying information including
4   Defendant's true name, address, telephone number, e-mail address, and Media Access Control
5   ("MAC") address (a number that identifies the piece of computer hardware used to connect to the
6   ISP's network).

7          The Court entered an Order for Leave to Take Immediate Discovery on May 21, 2008,
8   granting Plaintiffs' request to serve a Rule 45 subpoena on the ISP. Plaintiffs served their subpoena
9   on the University of California, Santa Cruz on May 30, 2008. The ISP responded to the subpoena on
10  June 25, 2008, identifying Defendant Elena Bowen as the holder of the particular IP address at issue
11  on the particular date at issue. After informal attempts to resolve the dispute failed, Plaintiffs filed
12  their First Amended Complaint against Ms. Bowen for copyright infringement.

13         Plaintiffs sent Defendant a letter on June 26, 2008 via mail and email urging her to contact
14  Plaintiffs to meet and confer regarding the upcoming case management conference, but to date,
15  Defendant has not yet responded to Plaintiffs' June 26, 2008 correspondence.

16         Ms. Bowen was served with the Summons and Complaint via substitute service on July 12,
17  2008. Plaintiffs sent Defendant a letter on July 23, 2008 via electronic mail and U.S. mail notifying
18  her of the upcoming case management conference scheduled in this matter, and urging her to contact
19  Plaintiffs to either discuss settlement of this case or to prepare the joint case management statement
20  in advance of the case management conference. Defendant never responded to this letter.

21         On July 25, 2008, Plaintiffs' counsel received a phone call from an attorney, Mr. Jim
22  Diamond, who indicated that although he was not formally representing Defendant in this matter, he
23  was nonetheless calling on her behalf to discuss settlement. Mr. Diamond indicated that Defendant
24  has already stopped infringing Plaintiffs' copyrights, and she is willing to stipulate to a permanent
25  injunction, but is unable to pay a monetary settlement. Plaintiffs were unable to accept Mr.
26  Diamond's proposed settlement. Mr. Diamond indicated that if Plaintiffs are unwilling to accept a
27  non-monetary settlement, Defendant will likely not respond to the Complaint and will probably
28  allow a default judgment to be entered against her.

2

1    On August 4, 2008, Plaintiffs sent a second letter to Defendant via electronic mail and U.S.

2    mail again urging her to contact Plaintiffs to prepare the joint case management statement. To date,

3    Plaintiffs have received no response from Defendant regarding this matter.

4    Defendant's time to respond to the Complaint expired on August 1, 2008, and to Plaintiffs'

5    knowledge, Defendant has not responded to the Complaint or otherwise appeared in this matter. If

6    Defendant does not respond to the Complaint by August 21, 2008 (the date of the case management

7    conference), Plaintiffs will file a request for a clerk's entry of default in this case.

8    **3.    Legal Issues**

9    Plaintiffs believe that Defendant used an Internet account to access an online media

10    distribution system to download Plaintiffs' copyrighted sound recordings and to distribute the

11    copyrighted sound recordings to other users in violation of Plaintiffs' exclusive rights of

12    reproduction and distribution as enumerated in Section 106 of the Copyright Act, 17 U.S.C. § 106.

13    As such, Plaintiffs believe Defendant is liable for infringement of Plaintiffs' copyrights pursuant to

14    17 U.S.C. § 501(a)-(b), and that Plaintiffs are thus entitled to statutory damages pursuant to 17

15    U.S.C. § 504(c), injunctive relief pursuant to 17 U.S.C. §§ 502 and 503, and attorney's fees and

16    costs pursuant to 17 U.S.C. § 505.

17    **4.    Motions**

18    Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on

19    February 21, 2008, which the Court granted by its Order of May 21, 2008. Plaintiffs anticipate no

20    further motion practice at this point in time, but reserve the right to file additional motions if

21    warranted as the case develops, including motions for summary judgment and/or summary

22    adjudication.

23    **5.    Amendment of Pleadings**

24    Plaintiffs do not anticipate adding any claims, but reserve their right to do so should

25    discovery reveal additional claims that may be brought. Plaintiffs propose that a deadline for

26    amendment of the pleadings be determined at such time as the parties are able to meet and confer

27    after Defendant files an answer or other response to the Complaint.

28    ///

3

CASE MANAGEMENT STATEMENT
Case No. 3:08-cv-01040-WHA
#39239 v1

6.    **Evidence Preservation**

Plaintiffs are taking all necessary steps to preserve evidence related to the issues in this action, including preservation of e-mails, documents, digital audio files, and electronically stored information. After Defendant appears in this action, Plaintiffs will communicate to Defendant the need to preserve evidence, including particularly electronically-stored information on Defendant's computers.

7.    **Disclosures**

No changes need be made to the form or requirement for disclosures under Rule 26(a). Since no defendant has appeared in this action, no initial disclosures have been made by either party.

8.    **Discovery**

Plaintiffs' position is that discovery should be conducted according to the Federal Rules of Civil Procedure and the local rules for the United States District Court for the Northern District of California unless otherwise modified by stipulation or ordered by the Court. It is Plaintiffs' position that all fact and expert discovery should be conducted and take place pursuant to the Federal Rules of Civil Procedure and should not be limited or conducted in phases, except as provided by the Federal Rules of Civil Procedure. Discovery will be needed on the allegations set forth in the Complaint and on any allegations and affirmative defenses set forth in Defendant's Answer, should she file one.

A.    **Previous Discovery**

Pursuant to the Court's May 21, 2008 Order for Leave to Take Expedited Discovery, Plaintiffs served a Rule 45 subpoena on third-party University of California, Santa Cruz in order to obtain information including Defendant's name, address, telephone number, e-mail address, and MAC address. The University responded to the subpoena response on June 25, 2008, providing this information.

B.    **Written Discovery**

Once Defendant appears in this action and the parties are able to conduct a Rule 26(f) conference, Plaintiffs intend to propound their first sets of Interrogatories, Requests for Production of Documents, and Requests for Admission.

4

### C.    Imaging and Inspection of Defendant's Computer(s).

Upon receipt of Defendant's responses, Plaintiffs intend to request for production and imaging each computer identified by Defendant in his responses to Plaintiffs' discovery requests. Plaintiffs propose that an expert in computer forensics selected by the parties shall make one (1) verified bit-image (i.e., mirror image copies) of each computer hard drive and shall create an MD5 or equivalent hash code to ensure that Defendant's original hard drive is not altered and to ensure that the copy of each of the hard drives is an exact duplicate of Defendant's original hard drive. All costs associated with making an image of Defendant's hard drive will be borne by Plaintiffs. An image of the hard drive can be made for Defendant at Defendant's expense.

### D.    Oral Depositions

Plaintiffs intend to take Defendant's oral deposition (and, if applicable, other individuals who may have information relevant to the parties' claims and defenses) upon receipt of Defendant's responses to Plaintiffs' written discovery, and upon completion of the imaging and inspection of Defendant's hard drive(s).

### 9.    Class Actions

Not applicable.

### 10.    Related Cases

There are no related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

### 11.    Relief

Plaintiffs seek statutory damages pursuant to 17 U.S.C. § 504(c) ranging from $750.00 to $30,000.00 for each instance of infringement, statutory damages pursuant to 17 U.S.C. § 504(c) ranging from $750.00 to $150,000.00 for each instance of willful infringement, injunctive relief prohibiting Defendant from further infringing Plaintiffs' copyrights pursuant to 17 U.S.C. § 502 and ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiffs' rights pursuant to 17 U.S.C. § 503, and attorney's fees and costs pursuant to 17 U.S.C. § 505.

### 12.    Settlement and ADR

The parties have discussed settlement, but have been unable to agree on settlement terms.

5

CASE MANAGEMENT STATEMENT
Case No. 3:08-cv-01040-WHA
#39239 v1

1  Moreover, Defendant has not answered the complaint or responded to Plaintiffs' efforts to meet and

2  confer. For this reason, the parties have not yet filed a Stipulation and Proposed Order Selecting an

3  ADR process, but will do so at such time as the parties are able to meet and confer.

4  **13.    Consent to Magistrate Judge for All Purposes**

5          At this time, Plaintiffs do not consent to a magistrate judge for all further proceedings

6  including trial and entry of judgment.

7  **14.    Other References**

8          It is Plaintiffs' position that this case is not suitable for reference to binding arbitration, a

9  special master, or the Judicial Panel on Multidistrict Litigation.

10 **15.    Narrowing of Issues**

11         Plaintiffs believe the following issues can be narrowed by agreement or motion:  Issues

12 regarding ownership of Plaintiffs' sound recordings and validity of copyright registration.

13         Plaintiffs make the following suggestions to expedite the presentation of evidence at trial:

14 Plaintiffs are hopeful that issues regarding ownership of Plaintiffs' sound recordings and validity of

15 copyright registration can be presented by stipulated facts.

16         Plaintiffs do not request the bifurcation of any issues, claims, or defenses.

17 **16.    Expedited Schedule**

18         Plaintiffs do not believe this case should be handled on an expedited basis or using

19 streamlined procedures.

20 **17.    Scheduling**

21         Plaintiffs propose the following schedule of deadlines:

22      1.  Plaintiffs propose that a further case management conference be set for September 18, 2008

23          to allow time for Defendant to file an Answer prior to the conference.

24      2.  Plaintiffs propose that further proposed dates for designation of experts, discovery cutoff,

25          hearing of dispositive motions, pretrial conference, and trial be determined at such time as

26          the parties are able to meet and confer after Defendant files an answer or other response to

27          the Complaint.

28 ///

6

**18.    Trial**

Plaintiffs estimate that a trial in this matter would take three days.

**19.    Disclosure of Non-party Interested Entities or Persons**

Plaintiffs filed their Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16 on February 21, 2008.  The contents of the certification identified the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities known to (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Plaintiff WARNER BROS. RECORDS INC. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

Plaintiff UMG RECORDINGS, INC. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general partnership, with its principal place of business in the State of New York.

Plaintiff ZOMBA RECORDING LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

Dated:    August 7, 2008                    HOLME ROBERTS & OWEN LLP


By: _____
DAWNIELL ZAVALA
Attorney for Plaintiffs
WARNER BROS. RECORDS INC.; UMG
RECORDINGS, INC.; SONY BMG MUSIC
ENTERTAINMENT; and ZOMBA
RECORDING LLC

7