United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WARNER BROS. RECORDS, INC., a Delaware corporation, UMG RECORDINGS, INC., a Delaware corporation, SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership, and ZOMBA RECORDING LLC, a Delaware limited liability company,

    Plaintiffs,

  v.

ELENA BROWN,

    Defendant.
                                       /

No. C 08-01040 WHA

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND INJUNCTION**

**INTRODUCTION**

In this copyright infringement action, plaintiffs move for default judgment. For the reasons stated below, plaintiffs' motion is **GRANTED**.

**STATEMENT**

This action was filed on February 21, 2008, alleging infringement of eight copyrighted sound recordings pursuant to the Copyright Act of 1976, 17 U.S.C. 101. Plaintiffs are various recording companies and owners of the sound recordings at issue. The complaint alleges that as of November 6, 2007, defendant Elena Brown, without permission or consent, downloaded and distributed to the public plaintiffs' copyrighted recordings via a "peer-to-peer" file-sharing network on the internet (Compl. ¶ 14). The complaint was served on Brown on July 12 by substitute service. Brown failed to answer or otherwise appear in this matter and the Clerk of the Court entered default on August 27. Brown was served with a copy of the entry of default. Plaintiffs now move for default judgment for: (1) the minimum statutory damages for each of

the eight allegedly infringed sound recordings in the total amount of $6,000; (2) a permanent injunction pursuant to 17 U.S.C. 502; and (3) costs in the amount of $420 pursuant to 17 U.S.C. 505. No opposition to the motion has been filed and Brown did not appear at the hearing on this motion.

## ANALYSIS

### 1. DEFAULT JUDGMENT.

Under FRCP 55(b)(2), a plaintiff can apply to the district court for a default judgment against a defendant that has failed to otherwise plead or defend against the action. Default judgments are generally disfavored as "cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). In the Ninth Circuit, a district court must consider the following factors when deciding whether or not to use its discretion in granting a motion for default judgment: (i) the possibility of prejudice to the plaintiff; (ii) the merits of plaintiff's substantive claims; (iii) the sufficiency of the complaint; (iv) the sum of money at stake in the action; (v) the possibility of a dispute concerning material facts; (vi) whether the default was due to excusable neglect; and (vii) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id*. at 1471–72. Here, these factors favor entry of default judgement against defendant.

#### A. Merits and Sufficiency of the Complaint.

With respect to determining liability and entry of default judgment, the general rule is that well-pleaded allegations in the complaint regarding liability are deemed true (except for the amount of damages). *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Consequently, this order finds that the *Eitel* factors two, three, and five weigh in favor of the entry of default judgment against Brown.

To prevail on a claim of copyright infringement, a plaintiff must prove that the defendant violated one of its exclusive rights as the owner of a copyright. 17 U.S.C. 106 provides:

> [T]he owner of copyright under this title has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies or phonorecords; . . . (3) to distribute

2

> copies or phonorecords of the copyrighted work to the public by
> sale or other transfer of ownership, or by rental, lease, or lending.

17 U.S.C. 501, in turn, provides that "anyone who violates any of the exclusive rights of the copyright owner as provided by [Section] 106 . . . is an infringer of the copyright" and "the legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it."

Here, the complaint alleges that plaintiffs are the owners of the various copyrights at issue and that Brown used, and continues to use, an online-media distribution system to download and distribute the copyrighted works to the public without consent. Taking these well-pled allegations as true, plaintiffs have sufficiently pled the elements necessary to state a copyright infringement claim.

### B. Remaining Factors.

This order finds that the remaining *Eitel* factors likewise favor entry of default judgment. *First*, plaintiff would be prejudiced if default judgment was not granted. If default judgment were not entered, plaintiffs would be denied the right to adjudication of their claims and Brown's conduct would remain unimpeded. *Second*, the sum of money at stake in this action is not substantial. Plaintiff seeks $6,000 for infringement and $420 in costs, which pales in comparison to the amount mentioned in *Eitel*. *Third*, there is nothing excusable in regards to Brown's actions. She was served with the complaint and entry of default and has still failed to appear. She also filed no opposition to the current motion and was not present at the hearing on this motion. *Fourth*, although federal policy favors decisions on the merits, the circumstances surrounding this case indicate that default judgment under FRCP 55(b) is proper.

### 2. DAMAGES, PERMANENT INJUNCTION, AND COSTS.

Plaintiffs request a damage award of $6,000, a permanent injunction precluding Brown from infringing any existing or future copyright owned by plaintiffs, and costs in the amount of $420. Under 17 U.S.C. 504, a copyright owner may elect to recover an award of statutory damages for all infringements involved in the action in a sum not less than $750 and not more than $30,000. Plaintiffs here only seek to recover the minimum statutory damages for each of

3

the copyrighted works.  This order finds plaintiffs' damage request reasonable and therefore **GRANTS** plaintiffs damages in the amount of $6,000.

17 U.S.C. 502(a) vests a district court with the power to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  Here, plaintiffs sufficiently pled allegations demonstrate that Brown has infringed several copyrights owned by plaintiffs through an online-distribution network available to millions of users.  Brown's failure to appear in this action or respond to the allegations in the complaint give no indication that she would stop her infringing activities.  It has also been generally accepted that upon a finding of infringement, an injunction may be issued as to existing *and* future works.  *See Princeton Univ. Press v. Michigan Document Serv., Inc.*, 99 F.3d 1381, 1392–93 (6th Cir. 1996)("The weight of authority supports the extension of injunctive relief to future works.").  Accordingly, plaintiffs' request for an injunction is hereby **GRANTED** to be defined as follows:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing plaintiffs' rights under federal or state law in any copyrighted sound recording, whether now in existence or later created, that is owned or controlled by plaintiffs (or any parent, subsidiary, or affiliate record label of plaintiffs) ("plaintiffs' recordings"), except pursuant to a lawful license or with the express authority of plaintiffs.  Defendant also shall destroy all copies of plaintiffs' recordings that defendant has downloaded onto any computer hard drive or server without plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in defendant's possession, custody, or control.

Plaintiffs lastly request costs in the amount of $420.  Under 17 U.S.C. 505, a district court may award costs and reasonable attorney's fees in a copyright infringement action.  Plaintiffs only seek recovery for costs associated with bringing this suit.  This order finds the request reasonable and therefore **GRANTS** costs in the amount of $420.

## CONCLUSION

For all of the above-stated reasons, plaintiffs' motion for default judgment is **GRANTED**.  Counsel must serve this injunction on defendant.

**IT IS SO ORDERED.**

Dated: November 13, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4